IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MAX KIM,<br><br>      Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | CR. NO. 21-00009-DKW-1<br>CV. NO. 24-00273 DKW-KJM<br><br>**ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

On June 26, 2024, Petitioner Max Kim, proceeding pro se, filed a motion to vacate, set aside, or correct his sentence ("the Section 2255 Motion"), essentially arguing that he is serving a term of imprisonment for conduct underlying his federal conviction for aggravated identity theft that is the "same" as conduct involved in a State criminal proceeding for which he has already spent time in prison. Dkt. No. 97.[1]

As more fully discussed below, Kim is mistaken. His *federal* offense concerned the possession (and alteration) of a United States passport belonging to a person known as RT without lawful authority. The *State* criminal case upon

---

[1] Unless otherwise noted, the Court cites herein to docket numbers in Kim's underlying criminal case, No. 21-CR-9-DKW.

which Kim relies did **not** involve his prosecution for the possession (or alteration) of RT's passport.   Therefore, the conduct underlying these two separate cases was not the "same", as Kim contends.   Further, apart from the above-mentioned substantive failure of the Section 2255 motion, it is also untimely, as explained below.   For both of these reasons, therefore, the Section 2255 Motion is DENIED, and Kim is also DENIED a certificate of appealability.

### STANDARD OF REVIEW

Under Section 2255 of Title 28 of the United States Code, "[a] prisoner in custody under sentence of a court established by Act of Congress … may move the court which imposed the sentence to vacate, set aside, or correct the sentence."   28 U.S.C. § 2255(a).   The statute authorizes the sentencing court to grant relief if it concludes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"   *Id*.

To be timely, a Section 2255 Motion must be filed within one year of, among other events, the date on which the judgment of conviction became final or the date on which a government-created "impediment" is removed, "if the movant

2

was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(1), (2).

## DISCUSSION

First, the Section 2255 Motion is untimely. Kim's judgment of conviction was entered on February 8, 2022, Dkt. No. 92, and he did not appeal. Therefore, his judgment of conviction became final 14 days after February 8, 2022, or February 22, 2022. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (explaining that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari finally denied."); Fed.R.App.P. 4(b)(1)(A)(i) (providing that a defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment).

One year later was February 22, 2023. The instant Section 2255 Motion was filed on June 26, 2024−more than a year after February 22, 2023. In the Section 2255 Motion, presumably in an attempt to explain the untimeliness of the same, Kim states he "received ineffective assistance of counsel" and he "did not have the resources to lexis nexus or a law library" until he was transferred from State to federal custody in March 2024. Dkt. No. 97 at 11. With respect to alleged "ineffective assistance of counsel", Kim does not provide any further

3

explanation of the nature of the same or, more importantly, how it prevented him from timely filing a Section 2255 motion or otherwise should be construed as tolling the limitations period.  Therefore, the Court does not further consider this argument.  As for the alleged lack of legal resources, like the government, *see* Dkt. No. 100 at 5-6, the Court liberally construes the same as relying upon Section 2255(f)(2)'s exception for governmental impediments, *see* 28 U.S.C. § 2255(f)(2).  The problem, among potentially others, however, is that, even if the alleged lack of legal resources at a State facility could be construed as a governmental impediment for purposes of Section 2255(f)(2), Kim fails to explain how this purported impediment "prevented" him from filing the Section 2255 Motion.  *See id*.  Moreover, review of the Section 2255 Motion reflects that it does not rely upon any potential legal resources that may have been unavailable; rather, the claims Kim asserts—a total of three, all revolving around the same subject of his allegedly duplicative sentence—merely rely upon factual and other information for which Kim provides chronologies, such as when he was arrested, pled guilty, and/or sentenced for his federal and State offenses, that would have been readily available to him with or without legal research tools.  As a result, the Court does not find that a governmental impediment prevented Kim from timely filing the Section 2255 Motion, and the same is therefore untimely.

Second, even if the Section 2255 Motion could be construed as timely, on the merits, it is misplaced. A brief summation of Kim's federal and relevant State offenses reveals why. In this *federal* case, Kim was charged and pled guilty to aggravated identity theft. Dkt. No. 46 at 2; Dkt. No. 80 at 2. That federal offense concerned Kim's possession of a passport in the name of RT, altered to contain a photograph of Kim (as opposed to RT). Dkt. No. 80 at 4; Dkt. No. 85 at ¶¶ 13-15. According to RT, his passport was stolen in April 2019, and he did not allow anyone to use it. Dkt. No. 85 at ¶¶ 14-15. On August 13, 2019, RT's altered passport was found in a car driven by Kim. *Id.* at ¶¶ 11, 14. Kim admitted that, prior to August 13, 2019, he altered or caused to be altered RT's passport by inserting his photograph to replace that of RT. Dkt. No. 80 at 4.

In the *State* case upon which Kim relies (Case No. "1CPC-19-0001187"), he was charged with a variety of offenses, including burglary, assault, and unauthorized possession of confidential personal information. Dkt. No. 85 at ¶ 39.[2] Those charges resulted from, on August 12, 2019, a female victim being pushed to the ground and her purse, containing credit cards and personal

---

[2]The Court notes that, in none of his briefing, does Kim state any of the facts underlying his State offenses, other than to conclusorily state that the facts are the "same" as his federal offense. *See generally* Dkt. Nos. 97, 101. As a result, the Court relies on the considerably more detailed factual recitation of Kim's offenses set forth in the Final Pre-Sentence Investigation Report (PSR) at Dkt. No. 85, which was adopted without change or objection at sentencing. Dkt. No. 93 at 1; Dkt. No. 94 at 6:6-7:5.

identification documents, being stolen. The following day, August 13, 2019, the female victim's credit cards were used by persons other than the victim to purchase merchandise at a Lowe's hardware store. Police officers located the vehicle used by the individuals using the credit cards and found Kim in the driver's seat. The officers also found items in the vehicle matching the female victim's description of her stolen belongings and which she later identified as her purse and property. *Id*. At this same time, the officers also recovered RT's passport from the vehicle. *Id*. at ¶ 14. Importantly, while Kim was understandably *arrested* for the theft of RT's passport, that theft was "unrelated" to the facts concerning the female credit card victim, and Kim was "*not prosecuted*" by the State for the theft of RT's passport "due to the prosecution of the instant [*i.e.*, this] case." *Id*. at ¶ 39 (emphasis added).[3]

In this light, contrary to Kim's contentions, he was not sentenced or even prosecuted for the possession (or alteration) of RT's passport in federal *and* State court. Put another way, the *only* connection between RT's passport and Case No. 1CPC-19-0001187 is that RT's passport was *found* while Kim was being arrested for separate and distinct offenses related to the female credit card victim. Because

---

[3]That much is further reflected by Kim's own sentencing memorandum. Therein, Kim stated the following in comparing this case to Case No. 1CPC-19-0001187: "They are unrelated cases because they involve different acts against regarding [*sic*] different people. Mr. Kim's remaining state cases are also unrelated to the acts at issue in the instant case." Dkt. No. 86 at 9.

Kim's numerous (yet, different) offenses overlapping in such a way does not violate the Constitution or laws of the United States, the Section 2255 Motion is without merit.

## CONCLUSION

For the reasons set forth herein, the Court DENIES the Section 2255 Motion, Dkt. No. 97. For the same reasons, Kim is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right.").[4]

The Clerk is directed to enter Judgment in favor of Respondent, the United States of America, and then close Case No. 24-cv-273-DKW-KJM.

IT IS SO ORDERED.

Dated: August 16, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

[4] Kim is also not entitled to an evidentiary hearing. *See* 28 U.S.C. 2255(b) (providing that a hearing should be held unless the record conclusively shows that the prisoner is entitled to no relief).